J-S46015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
SHAWN MICHAEL SMITH, :
:
Appellant : No. 2192 MDA 2013


Appeal from the Judgment of Sentence Entered July 2, 2013,
In the Court of Common Pleas of Cumberland County,
Criminal Division, at No. CP-21-SA-0000044-2013.


BEFORE: SHOGAN, LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.: **FILED AUGUST 26, 2014**

Appellant, Shawn Michael Smith, appeals from the judgment of sentence imposed on his conviction of driving while his license was suspended in relation to a driving-under-the-influence ("DUI") offense, 75 Pa.C.S.A. § 1543(b). We affirm.

The trial court summarized the facts and procedural history of this matter as follows:

> On January 3, 2013, Trooper John Boardman witnessed a stop sign violation committed by [Appellant] Shawn Smith. Notes of Testimony, In Re: Appeal From Summary, July 2, 2013 at 4-5 (hereinafter "N.T. at ___"). Upon stopping [Appellant], Trooper Boardman discovered that [Appellant] was not able to produce a driver's license. N.T. at 5. Trooper Boardman ran a PennDOT certified history which indicated that [Appellant's] license was suspended for a driving under the influence violation. N.T. at 6-7. Trooper Boardman filed the citation against [Appellant] for driving under a suspended license when the

underlying suspension was due to a driving under the influence violation, 75 Pa.C.S.§ 1543(b)(1). N.T. at 7. The Magisterial District Judge found [Appellant] guilty and he appealed to the Court of Common Pleas. On *de novo* review, this [c]ourt found the Commonwealth had met their burden and adjudicated [Appellant] guilty. N.T. at 19.

Trial Court Opinion, 1/21/14, at 1–2. This appeal followed.[1] Appellant and the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents two questions for our consideration:

I.   WAS THE EVIDENCE PRESENTED AT TRIAL SUFFICENT [sic] TO SUSTAIN A CONVICTION OF DRIVING UNDER SUSPENSION WHEN TROOPER BOARDMAN DID NOT HAVE PROBABLE CAUSE TO INITIATE A TRAFFIC STOP AND ALL EVIDENCE ACQUIRED AS A CONSEQUENCE OF THE UNLAWFUL STOP SHOULD HAVE BEEN EXCLUDED?

II.   WAS [APPELLANT'S] CONVICTION AGAINST THE WEIGHT OF THE EVIDENCE SUCH THAT IT SHOCKS ONE'S SENSE OF JUSTICE WHEN THE UNCONTRADICTED EVIDENCE ESTABLISHED THAT TROOPER BOARDMAN DID NOT HAVE PROBABLE CAUSE TO INITIATE A TRAFFIC STOP AND ALL EVIDENCE ACQUIRED AS A CONSEQUENCE OF THE UNLAWFUL STOP SHOULD HAVE BEEN EXCLUDED?

Appellant's Brief at 5.

Initially, we must consider the context of our review given the phrasing of Appellant's issues. The record indicates that Trooper Boardman issued two citations to Appellant, one for failing to stop at the stop sign and one for driving with a suspended license. N.T., 7/2/13, at 7. Appellant did

---

[1] We recognize that Appellant's appeal is before us following the trial court's grant of his uncontested petition for reinstatement of appellate rights *nunc pro tunc*. Certified Record Nos. 14, 17.

not file a summary appeal from the citation Trooper Boardman issued to Appellant for the stop sign violation. *Id.* at 16–17. Thus, Appellant cannot now challenge Trooper Boardman's traffic stop as lacking probable cause. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Accordingly, we premise our review of Appellant's sufficiency and weight challenges on the legal conclusion that the underlying traffic stop was legal.

In reviewing the sufficiency of evidence, we must view all the evidence admitted at trial in the light most favorable to the verdict winner and determine whether there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. In applying this test, we may not weigh the evidence and substitute our judgment for that of the fact-finder. *Commonwealth v. O'Black*, 897 A.2d 1234, 1238 (Pa. Super. 2006).

Appellant was convicted of violating section 1543(b) of the Pennsylvania Vehicle Code. That section reads, in relevant part, as follows:

> (1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked . . . because of a violation of section . . . 3802 [relating to driving under influence of alcohol or controlled substance] . . . shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

-3-

Here, the trial court disposed of Appellant's sufficiency challenge as follows:

> The elements of 75 Pa.C.S. § 1543(b)(1) require that a person be operating a motor vehicle while their license is under suspension due to a violation of section 3802. This Court heard testimony from multiple sources, one of them [Appellant], which indicated [Appellant] was driving under a suspended license. N.T. at 12. Further, it was established that the license suspensions occurred because of a driving under the influence related violation. N.T. at 7. Last, this Court determined that Trooper Boardman, not [Appellant] or his fiancé, was the credible witness. N.T. at 18. Based on the testimony this Court found to be factual, the elements of the cited offense have been met. By failing to find [Appellant] or his fiancé credible, this Court settled any potential matter of reasonable doubt. Therefore, viewing the evidence in a light most favorable to the Commonwealth as verdict-winner, there is sufficient evidence to uphold the guilty verdict.

Trial Court Opinion, 1/21/14, at 3–4 (footnote omitted).

Our review of the record confirms that Trooper Boardman asked Appellant for his driver's license, but Appellant did not have one. N.T., 7/2/13, at 5. Trooper Boardman then ran a certified driver's history and learned that Appellant's license had been suspended due to a DUI offense. *Id.* at 6–7, Com. Exhibit 1 (Certified Driver's History). Additionally, Appellant told Trooper Boardman that his license was suspended. *Id.* at 12. Based on this evidence, we discern no error in the trial court's conclusion that the evidence was sufficient to sustain the section 1543(b) conviction. *Accord Commonwealth v. Herb*, 852 A.2d 356, 361 (Pa. Super. 2004) (holding that evidence was sufficient to sustain appellant's conviction of

driving with suspended license where, *inter alia*, appellant admitted he had driven his vehicle to scene of his arrest when his license was suspended for DUI-related offense). Thus, Appellant is not entitled to relief.

Appellant's second issue challenges the weight of the evidence supporting the section 1543(b) conviction. We recently reiterated the procedure for preserving a weight claim:

> Pennsylvania Rule of Criminal Procedure 607(A) provides that a challenge to the weight of the evidence must be raised in a motion for a new trial that is presented orally, on the record, before sentencing, by written motion before sentencing, or in a post-sentence motion. **See Commonwealth v. Washington**, 825 A.2d 1264, 1265–66 (Pa.Super.2003).

**Commonwealth v. Myers**, 86 A.3d 286, 291 n.4 (Pa. Super. 2014).

Here, Appellant neither asserts, nor does the record disclose, that he raised a challenge to the weight of the evidence by any of the available means. Consequently, to the extent he intended to challenge the weight of the evidence on appeal, this issue is waived. **Myers**, 86 A.3d at 291 n.4.

Appellant's sufficiency claim lacks merit, and he did not preserve his weight claim. Thus, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2014