J-S78029-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CARLOS ALBERTO ACOSTA | |
| Appellant | No. 721 MDA 2014 |

Appeal from the Judgment of Sentence March 26, 2014
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0001797-2012

BEFORE:  GANTMAN, P.J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY JENKINS, J.:                **FILED JANUARY 21, 2015**

Appellant Carlos Alberto Acosta appeals from the judgment of sentence entered in the Lycoming County Court of Common Pleas following his bench trial convictions for persons not to possess a firearm, and firearms not to be carried without a license.[1]  We affirm.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> By Criminal Complaint filed on September 23, 2012, [Appellant] was charged with one count of persons not to possess a firearm, graded as a felony of the second degree.  The charge arose out of an incident that allegedly occurred on September 23, 2012 at approximately 5:30 p.m. near 1118 Isabella Street in Williamsport in which a witness saw an individual, later identified as [Appellant],

_____

[1] 18 Pa.C.S. §§ 6105, 6106, respectively.

pass a handgun to another individual. Police responded and eventually detained [Appellant]. The second individual, who had allegedly been handed the gun, fled when police arrived. A search of his flight path uncovered a handgun.

\* \* \*

Officer Nathan Moyer, of the Williamsport Bureau of Police…testified on behalf of the Commonwealth. He was dispatched to 1118 Isabella Street because of a 'disturbance involving a gun.' When he arrived on the scene, he detained [Appellant]. When he asked [Appellant] what had happened, [Appellant] indicated that he was just walking by, the police showed up and he was handcuffed. He subsequently spoke with Mr. [Curt]+ VanderVere and then searched the flight path of the other individual. He found 'a Smith & Wesson black and silver, black and grey handgun semiautomatic under a parked vehicle, and that parked vehicle would have been in the direct flight path of the male in the grey hoodie.' When he recovered the handgun, he found that there was a round in the chamber.[2]

\* \* \*

The Criminal Complaint alleges that [Appellant's] previous escape conviction and juvenile adjudication for aggravated assault precluded him from possessing any weapons.

On June 11, 2013, the Commonwealth filed a motion to amend the Information to add Count 2, firearms not to be carried without a license, a felony of the third degree. By Order dated June 13, 2013, the Court granted the Commonwealth's motion. By stipulation of the parties, the Court also amended the grading of Count 1 from a felony of the second degree to a misdemeanor of the first degree.

_____

[2] Expert Dr. Jill Cramer, a forensic DNA analyst, testified that it was more probable than not that Appellant's DNA was on the handgun. N.T., August 30, 2013, at 61.

> A non-jury trial was held before this [c]ourt on June 13, 2013, July 5, 2013 and August 30, 2013. Following the trial, on August 30, 2013, the [c]ourt found [Appellant] guilty of both charges. Sentencing was scheduled for January 21, 2014.
>
> At the January 21, 2014 sentencing hearing, the parties disputed [Appellant's] prior record score. [Appellant] indicated he was never adjudicated delinquent on a conspiracy to commit aggravated assault. Accordingly, the sentencing hearing was continued to March 21, 2014. At this scheduled hearing, [Appellant] questioned "the propriety" of his conviction claiming that Count 1 was improperly graded. [Appellant] also disputed his prior record score. The sentencing was again continued, this time to March 26, 2014.
>
> By Order dated March 26, 2014, following the sentencing hearing, the [c]ourt sentenced [Appellant] to a 3½ to 7 year period of incarceration in a state correctional institution on Count 2 and a concurrent 1 to 2 year sentence on Count 1. For purposes of the sentence on Count 2, the [c]ourt determined the offense gravity score to be a 9 and [Appellant's] prior record score to be a 5.
>
> [Appellant] filed a timely post-sentence motion on April 4, 2014.

Trial Court Opinion and Order denying Appellant's Post Sentence Motion, filed April 22, 2014, at 1-2, 5.[3]

On April 22, 2014, the court denied Appellant's post sentence motion. Appellant timely filed an appeal on April 28, 2014. On May 7, 2014, the court ordered Appellant to file a concise statement of errors complained of

---

[3] In its Pa.R.A.P. 1925(a) opinion, the trial court incorporates its opinion and order denying Appellant's post sentence motion.

on appeal pursuant to Pa.R.A.P. 1925(b) within twenty-one days, and Appellant filed a Rule 1925(b) statement on June 16, 2014.

Appellant raises the following issue for our review:

> WHETHER THE GUILTY VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE WHEN THE COMMONWEALTH'S EYEWITNESSES' TESTIMONY CONTRADICTED EACH OTHER WHICH RESULTED IN A VERDICT BASED UPON PURE CONJECTURE[?]

Appellant's Brief at 4.

Before we address the merits of this appeal, we must determine whether Appellant timely filed his Rule 1925(b) statement in the trial court. If his statement was untimely, Pa.R.A.P. 1925(c)(3) obligates us to deem appellate counsel ineffective and to remand the case for the filing of a Rule 1925(b) statement *nunc pro tunc*. **Commonwealth v. Myers**, 86 A.3d 286, 289 (Pa.Super.2014).

The Pennsylvania Rules of Appellate Procedure provide, in relevant part:

**Rule 1925. Opinion in Support of Order**

\* \* \*

(b) **Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1)  *Filing and service.*--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c).  Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2) *Time for filing and service.*--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement.  Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed.  In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*.

\*   \*   \*

**(c) Remand.**
(1) An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.

\*   \*   \*

(3) If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925.

In **Commonwealth v. Lord**, our Supreme Court held that "[a]ppellants must comply whenever the trial court orders them to file a

Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." 719 A.2d 306, 309 (1998). In **Commonwealth v. Castillo**, the Supreme Court re-affirmed the bright line rule set forth in **Lord** that mandates strict compliance with Rule 1925(b). 888 A.2d 775, 780 (Pa.2005). In **Castillo**, the Court specifically voiced its disproval of "prior decisions of the intermediate courts to the extent that they…created exceptions to **Lord** and have addressed issues that should have been deemed waived." **Id.**

Here, in an order docketed on May 7, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal within twenty-one days. The court specifically directed Appellant to serve a copy of his statement on the court and warned Appellant "any issue not properly included in the Statement timely filed and served pursuant to Rule 1925(b) shall be deemed waived." Appellant, however, filed his Rule 1925(b) statement on June 16, 2014. Nothing in the record indicates Appellant requested an extension of time. Thus, Appellant's 1925(b) statement is patently untimely, and his counsel was *per se* ineffective for failing to file it within the court-ordered deadline. **See Myers, supra.**

When the trial court has addressed the issues presented in an untimely Rule 1925(b) statement, however, we need not remand and may address the merits of the issues presented. **Commonwealth v. Thompson**, 39

A.3d 335, 340-41 (Pa.Super.2012). Thus, we proceed to address the merits of Appellant's issue on appeal.

Appellant argues the Commonwealth presented conflicting evidence that resulted in a verdict of guilt based upon conjecture. Specifically, Appellant claims the testimony of one witness contradicted the testimony of the other witness. Appellant concludes the verdict was against the weight of the evidence. We disagree.

We review challenges to the weight of the evidence as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> *Commonwealth v. Small*, 741 A.2d 666, 672–73 (Pa.1999) [*cert. denied*, 121 S.Ct. 80, 148 L.Ed.2d 42 (U.S.2000)]. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Devine*, 26 A.3d 1139, 1146 (Pa.Super. 2011), *appeal denied*, 42 A.3d 1059 (Pa.2012) (some internal citations omitted).

Accordingly, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Commonwealth v. Clay*, 64 A.3d 1049,

1055 (Pa.2013). A trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id.* Instead, the trial court must examine whether "'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id.* Only where the jury verdict "is so contrary to the evidence as to shock one's sense of justice" should a trial court afford a defendant a new trial. *Id.*

A verdict is contrary to the evidence such that it shocks one's sense of justice when:

> the figure of Justice totters on her pedestal, or when the jury's verdict, at the time of its rendition, causes the trial judge to lose his breath, temporarily, and causes him to almost fall from the bench, then it is truly shocking to the judicial conscience.

*Commonwealth v. Cruz*, 919 A.2d 279, 282 (Pa.Super.2007) (internal citations omitted).

Here, the Commonwealth presented the testimony of several witnesses, including Officer Mark Sechrist, Officer Nathan Moyer, Curt VanderVere, Mary Stewart, and Dr. Jill Cramer, a forensic DNA analyst. Mary Stewart testified she saw Appellant, without a visible gun, standing outside of her residence when she left for fifteen to twenty minutes to get a pizza. When she returned, she saw Appellant in a police car. Curt VanderVere testified that he saw Appellant with a gun during the same

period of time. Mr. VanderVere testified that Appellant handed the handgun to a male in a grey hoodie. The Commonwealth presented further evidence that corroborated Mr. VanderVere's testimony. Specifically, Officer Moyer testified that he found a black and grey semiautomatic weapon under a parked vehicle that was in the direct flight path of the male in the grey hoodie. Dr. Cramer testified that it was more likely than not that Appellant's DNA was on the handgun. The court chose to credit Mr. VanderVere's testimony along with the other evidence presented. The verdict was not so truly shocking to the judicial conscience as to make the figure of Justice totter on her pedestal. Thus, Appellant's claim warrants no relief.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/21/2015</u>