J-S44010-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOUGLAS WILLIAM MILLER | : | |
| | : | |
| Appellant | : | No. 137 MDA 2022 |

Appeal from the Judgment of Sentence Entered December 21, 2021
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s):  CP-21-CR-0001175-2021,
CP-21-CR-0001566-2019, CP-21-CR-0002014-2021

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED: APRIL 4, 2023**

Douglas William Miller appeals the judgement of sentence entered by the Cumberland County Court of Pleas on December 21, 2021. Specifically, Miller claims the trial court abused its discretion in denying the request for unsecured bail pending resolution of his post-sentence motions and appeal. He maintains the trial court further abused its discretion by imposing excessive and unduly harsh sentences rather than accepting the sentences recommended by the Commonwealth.  Additionally, Miller asserts that the trial court imposed an unlawful sentence by failing to award him credit for 22 days of time served. While we find that Miller's first two claims are without merit, we agree that he should be credited for his time served.

---

[*] Retired Senior Judge assigned to the Superior Court.

For purposes of this appeal, the following factual and procedural history is undisputed. The sentence at issue arises from three consolidated dockets: CP-21-CR-1566-2019, CP-21-CR-1175-2021, and CP-21-CR-2014-2021.

At CP-21-CR-1566-2019, Miller pleaded guilty to a charge of third-degree retail theft for stealing $74.06 worth of items from a Walmart in Cumberland County, PA.[1] On March 10, 2020, the trial court sentenced Miller to pay court costs, make restitution to Walmart, and undergo a period of supervised probation for 24 months on the conditions that he remain on good behavior and comply with probation standards.

While on probation, Miller was arrested on July 27, 2021, for crimes under the other two dockets. At docket number 1175-2021, Miller pleaded guilty to one count of receiving stolen property for leaving a supermarket with $99.96 worth of seafood from a Giant supermarket that he had not paid for. Similarly, at docket number 2014-2021 Miller pled guilty to one count of receiving stolen property for leaving a Walmart with $265.96 worth of meat products that he had not paid for.

At a November 30, 2021 hearing, the trial court accepted Miller's guilty pleas at docket numbers 1175-2021 and 2014-2021. At the same hearing, Miller also admitted to violating the conditions of his parole sentence at docket

---

[1] Miller had three prior convictions for retail theft, elevating the grading of this offense. *See* 18 Pa.C.S.A. § 3929(b)(1)(iv).

number 1566-2019. As such, the trial court revoked his probation and ordered that Miller appear for an omnibus sentencing hearing on December 21, 2021.

On December 21, 2021, the trial court resentenced Miller at docket number 1566-2019 to 15 to 60 months' imprisonment. The court awarded Miller credit for the five and half months he had served since his July 27, 2021 arrest. At docket number 1175-2021, the court sentenced Miller to serve not less than 6 months nor more than 2 years in prison, to be served consecutively to his sentence at 1566-2019. Additionally, at docket number 2014-2021, the court sentenced Miller to serve not less than 6 months nor more than 2 years in prison, to be served concurrently with the sentence at 1175-2021.

On December 31, 2021, Miller's counsel filed post-sentence motions which included a request for unsecured bail pending resolution of his post-sentence motion and expected appeal. *See* Post-Sentence Motions, 12/31/21, at 7. On January 3, 2022, the trial court denied the post-sentence motions and Miller's request for unsecured bail, declaring Miller's "extensive record and inability to remain arrest free militates against any bail[.]" Order of Court, 1/3/22.

In his first argument on appeal, Miller claims the trial court abused its discretion in denying his request for unsecured bail pending resolution of his post-sentence motions and appeal. We begin our analysis of this claim by observing that Miller was unable to post bail in the amount of $1,000 after his

arrest on July 27, 2021. He therefore remained in jail throughout the remainder of the proceedings in the trial court.

Under our Rules of Criminal Procedure, "when the sentence imposed includes imprisonment of 2 years or more, the defendant shall not have the same right to bail as before verdict, but bail may be allowed at the discretion of the judge." Pa.R.Crim.P. 521(B)(2). Moreover, "[w]henever bail is refused or revoked under this rule, the judge shall state on the record the reasons for this decision." *Id.* Bail decisions are left to the discretion of the trial court. *Commonwealth v. Myers*, 86 A.3d 286, 291-94 (Pa. Super. 2014). In reviewing a trial court's order denying bail for an abuse of discretion, this court "will only reverse where the trial court misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record show that its decision is a result of partiality, prejudice, bias, or ill will." *Commonwealth v. Bishop*, 829 A.2d 1170, 1172 (Pa. Super. 2003) (citations and brackets omitted).

Here, the maximum aggregated sentence imposed by the trial court was 7 years. Therefore, under Rule 521, the trial court was not required to provide the same right to bail which Miller had prior to his guilty plea. Rather, the trial court was permitted to exercise its discretion in determining whether to offer Miller an opportunity to post bail and under what circumstances.

Miller contends "[t]he trial court failed to give reasons on the record for its denial of bail on appeal." Appellant's Brief, at 13. Miller also argues that the trial court abused its discretion under these circumstances since the

Commonwealth concurred with Miller's bail request. Contrary to Miller's first argument, the trial court stated its reasoning for the decision explicitly: "The defendant's extensive record and inability to remain arrest free militates against any bail, especially in light of a sentence of incarceration of 21 months to seven years." Order of Court, 1/3/22. Further, the ultimate decision on whether to grant Miller's request rested in the trial court, not with the Commonwealth. **See** Pa.R.Crim.P. 521(D)(2) ("The decision whether to change the type of release on bail or what conditions of release to impose shall be based on the judge's evaluation…"). Notably, the Commonwealth now defends the court's refusal of Miller's bail request. **See** Commonwealth's Brief, at 10. In any event, we cannot conclude the trial court abused its discretion here. Miller's extensive criminal history and multiple recent thefts – while on probation – certainly support the trial court's evaluation. Miller's first issue on appeal merits no relief.

Next, Miller argues the court abused its discretion in imposing an excessive sentence. Miller's claim raises a challenge to the discretionary aspects of his sentence. **See** Appellant's Brief, at 17. We note that since Miller entered an open plea, he is permitted to challenge the discretionary aspects of his sentence. **See Commonwealth v. Brown**, 240 A.3d 970, 972 (Pa. Super. 2020). "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Moury**, 992 A.2d 162,

170 (Pa. Super. 2010) (citation omitted). Prior to reaching the merits of a discretionary sentencing issue, this Court conducts a four-part analysis:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Moury**, 992 A.2d at 170 (citation and brackets omitted).

Here, Miller filed a timely appeal and preserved his claim in his post-sentence motion. Miller also included a separate Rule 2119(f) Statement in his brief; accordingly, we will review his Rule 2119(f) statement to determine whether he has raised a substantial question. **See Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super. 2012) (stating that "we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." (citation omitted)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Edwards**, 71 A.3d 323, 330 (Pa. Super. 2013). "A substantial question [exists] only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Id.** (citation omitted).

Miller asserts he has presented a substantial question because

the court imposed sentences without stating adequate reasons for why it refused to follow the Commonwealth's sentencing recommendations, because it did not consider mitigating factors, because the court imposed a sentence in the aggravated range without stating sufficient reasons on the record, and failed to consider the factors found in § 9721(b) of the Sentencing Code including protection of the public, impact on the victims, and impact on the community, which resulted in individual sentences and an aggregate sentence that were excessive and harsh.

Appellant's Brief, at 11-12. While Miller presents this as a singular argument, we discern three distinct claims. First, Miller argues that the trial court erred by failing to state the reason why it did not follow the Commonwealth's sentencing recommendation. This claim does not raise a substantial question and we will not review it. *See Commonwealth v. Sexton*, 222 A.3d 405, 422 (Pa. Super. 2019) ("[T]he Commonwealth's [sentencing] recommendations … are not binding on the trial court's exercise of discretion at sentencing. Thus, this claim is frivolous.") Second, Miller argues the trial court abused its discretion by failing to consider mitigating factors while imposing aggravated range sentences. This Court has held that an assertion that a sentence was excessive and that the trial court failed to properly consider the factors set forth in 42 Pa.C.S.A. § 9721(b) raises a substantial question. *See Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*). *See also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a

substantial question") (internal citation omitted). Similarly, Miller's third argument is a claim that the trial court failed to consider the necessary factors while imposing an excessive sentence. Pursuant to *Caldwell*, this claim also raises a substantial question.

We therefore turn to a substantive review of Miller's second and third sentencing claims. The trial court's sentence will not be disturbed on appeal unless the court abused its discretion:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa.Super. 2006)(citation omitted).

Moreover, "Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Radecki*, 180 A.3d 441, 470 (Pa.Super. 2018)(citations omitted). The decision to impose consecutive, rather than concurrent, sentences only raises a substantial question in "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Id.* Plea agreements are not binding upon the court and a court may reject the Commonwealth's sentencing

recommendation if the court believes the terms do not serve justice. **See Commonwealth v. White**, 787 A.2d 1088, 1091 (Pa. Super. 2001).

Here, Miller claims the trial court imposed an aggravated range sentence at docket number 1566-2019 without stating reasons for the departure from the standard range on the record. Both parties, as well as the trial court, classify the sentence at docket number 1566-2019 as an aggravated range sentence, and our review of the relevant sentencing guidelines confirms their calculations. As the court imposed an aggravated range sentence, it was required to "state the reasons on the record[.]" 204 Pa. Code § 303.13(c).

While the court was not loquacious, it did recognize the deviation and stated its reasons on the record:

> Well, Mr. Miller, I agree that insanity is doing the same thing over and over and expecting a different result. Your record goes back many, many, many years, and you have always gotten county sentences. You have always gotten county probation. Try as we might, we have not been able to give you the services necessary to turn your life around.
>
> …
>
> These sentences are standard-range sentences, except for the one that was imposed as a result of your probation revocation [at 1566-2019.] Any lesser sentence would depreciate the seriousness of the crimes. We have done all we can do for you at the county level. Hopefully, there will be services you avail yourself of at the state level.

N.T., 12/21/21, at 6-7. As such, the court set forth reasons, on the record, for its decision to impose an aggravated range sentence. Miller's claim that

the court failed to state reasons on the record for an aggravated range sentence merits no relief.

Next, Miller argues the court abused its discretion by failing to consider mitigating factors when it imposed an "excessive" sentence. We disagree. As set forth above, the transcript reveals that the court was well aware of Miller's criminal history. It was also aware that multiple attempts to provide services offered by county probation had failed to rehabilitate Miller. Finally, the court acknowledged that Miller had cooperated with the Commonwealth in another case:

> [Miller:]        I thought I provided a service to the DA's office.
>
> THE COURT:      You did. That's why I didn't make the sentences much greater than I made them.

*Id.*, at 8. The court considered the mitigating circumstances as well as Miller's rehabilitative needs. Miller's claim to the contrary merits no relief.

Lastly, Miller claims that the trial court imposed an unlawful sentence at docket CP-21-CR-1175-2021 by failing to award him credit for 22 days of time served. A defendant must be credited "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed." 42 Pa. C.S.A. § 9760. "Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal." *Id.* The Commonwealth does not dispute Miller's claim:

> [Miller] was incarcerated as a result of being unable to post bail for a total of twenty-two (22) days from April 21, 2021, to May 12, 2021.

> [Miller] was not … serving time towards any other docket. As such, pursuant to 42 Pa. C.S.A. § 9760, [Miller] is entitled to an award of twenty-two (22) days of time served.

Commonwealth's Brief, at 11. Moreover, in its opinion on appeal, the trial court admits it erred and requests remand to amend the sentence to include the credited time. *See* Trial Court Opinion, 6/29/22 at 6. We agree and therefore vacate the sentence at docket number 1175-2021 and remand for resentencing on that docket only.

Order denying post conviction bail affirmed. Judgment of sentence CP-21-CR-0001566-2019, and CP-21-CR-0002014-2021 affirmed. Judgment of sentence for docket number CP-21-CR-1175-2021 vacated and case remanded for resentencing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/4/2023