J-S05004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT HAWKINS | : | |
| | : | |
| Appellant | : | No. 1890 EDA 2024 |

Appeal from the Judgment of Sentence Entered June 17, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003488-2021

BEFORE:   BOWES, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                 **FILED FEBRUARY 20, 2025**

Robert Hawkins appeals from the aggregate sentence of six to fifteen years in prison imposed following his convictions for strangulation, simple assault, terroristic threats, and harassment.  We affirm.

The trial court briefly summarized the background of this matter as follows:

> Kristi Rahn, the victim, was Appellant's long-term girlfriend [and the mother of his two children].  On February 14, 2021, they were living together at 176 Walnut Street, Mont Clare, Montgomery County.  On that date, Appellant drove to [Ms. Rahn's] work at Office Tavern, very upset that she was still there after 6:00 p.m.  When they arrived home, Appellant became physically abusive and threatened that he was going to kill her.  The abuse continued throughout the night, and at some point[,] Appellant strangled the victim.  The injuries to Ms. Rahn's neck were documented by the police.

_____

[*] Former Justice specially assigned to the Superior Court.

Trial Court Opinion, 9/19/24, at 1-2 (cleaned up).

The Commonwealth charged Appellant with the offenses indicated hereinabove, and he proceeded to a bench trial on March 12, 2024. At its conclusion, the court found Appellant guilty of all crimes. The court later sentenced Appellant after obtaining a pre-sentence investigation report. Appellant timely filed a post-sentence motion, wherein he advanced the following material argument:

> 7. [Appellant] recognizes the relationship between he and Ms. Rahn is over, but he alleges, the court failed to consider how the emotional and financial burden [of] the state sentence will impact his young children[,] ages [four] and [seven].
>
> 8. [Appellant] understands there are consequences to this [*sic*] actions but feels the sentence imposed was harsh and would like the court to reconsider.

Post-sentence motion, 6/17/24, at ¶¶ 7-8 (some capitalization altered). Critical to this appeal, the motion did not allege that the trial court neglected to consider any mitigating circumstances presented at sentencing or that it erred in calculating the offense gravity score as to any offense. The court thereafter denied the motion without a hearing.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.[1] Appellant presents two issues for our review, which we have reordered for ease of disposition:

---

[1] In his Rule 1925(b) statement, Appellant identified the following single claim:

*(Footnote Continued Next Page)*

- 2 -

1.  Whether the trial court relied on an improperly calculated offense gravity score in sentencing . . . Appellant.

2.  Whether Appellant's sentence was unduly harsh, excessive, unreasonable, an abuse of discretion[,] and contrary to the fundamental norms of the sentencing guidelines.

Appellant's brief at 5 (unnecessary capitalization altered).

We address Appellant's issues together. He first argues that the trial court miscalculated the offense gravity score relating to the strangulation conviction when it included the domestic violence enhancement, raising the score by one point. *See* Appellant's brief at 18-20. Next, after summarizing the relevant factual background and legal principles, Appellant contends in total that the court "failed to adequately take into consideration [his] sincere remorse and regret and his desire to be a better partner and father to his children." *Id*. at 18. He asserts therefore that his sentence "was manifestly unreasonable and a new sentencing hearing should be ordered." *Id*.

Both of Appellant's arguments on appeal challenge the discretionary aspects of his sentence. *See*, *e.g.*, *Commonwealth v. Sunealitis*, 153 A.3d 414, 421 (Pa.Super. 2016) (holding that a claim that the offense gravity score was incorrectly applied "implicates the discretionary aspects of the

---

The trial court erred, abused its discretion[,] and imposed an excessive, unduly harsh[,] and unreasonable sentence where the [Appellant] was sentenced consecutively, above the standard range of the Pennsylvania Sentencing Guidelines and without adequately considering [Appellant]'s background, character[,] and circumstances of the crime.

Statement of Errors, 7/26/24 (some capitalization altered).

- 3 -

sentence"); *see also Commonwealth v. Myers*, 86 A.3d 286, 289 n.3 (Pa.Super. 2014) ("An assertion that a given sentence is excessive constitutes a challenge to the discretionary aspects of that sentence." (citation omitted)). The following legal tenets guide our determination as to whether Appellant's claims are properly before us:

> [A]n appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Solomon*, 247 A.3d 1163, 1167 (Pa.Super. 2021) (*en banc*) (cleaned up).

With respect to the waiver on appeal of issues that were not properly preserved, we have stated:

> Issue preservation is foundational to proper appellate review. By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

*Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa.Super. 2013) (cleaned up).

- 4 -

There is no dispute that Appellant timely appealed. However, both the trial court and the Commonwealth advocate that neither of Appellant's arguments on appeal was preserved at sentencing or via his post-sentence motion, and thus they are both waived. More particularly, in its Rule 1925(a) opinion, the court determined:

> In this case, while Appellant filed a post-sentence motion raising a discretionary-aspects-of-sentencing claim, that claim differs from the [one] he presents on appeal. Specifically, in his post-sentence motion, Appellant averred that the sentence was harsh and failed to consider the financial and emotional impact a state sentence would have on his minor children. Whereas [in his Rule 1925(b) statement], Appellant claims that th[e c]ourt abused its discretion by imposing consecutive sentences and by failing to consider his background, character, and circumstances of the crime.

Trial Court Opinion, 9/19/24, at 3. Furthermore, the court did not address the issue pertaining to its calculation of the offense gravity score for the strangulation count, since this was not identified in either the post-sentence motion or Appellant's 1925(b) statement.

For its part, the Commonwealth relies on case law providing that specific challenges to the discretionary aspects of sentencing are waived on appeal when they differ from those presented to the trial court. *See* Commonwealth's brief at 6 (citing ***Commonwealth v. Rivera***, 238 A.3d 482, 499 (Pa.Super. 2020)). The Commonwealth additionally contends that raising an issue in a Rule 1925(b) statement "cannot rectify" lack of preservation of an issue before the trial court. ***Id***. at 7 (citing ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa.Super. 2003)). It continues thusly:

[Appellant]'s post-sentence motion did not argue that the sentence imposed was unreasonable because of his remorse, regret, and desire to be a better partner and father. Instead, the motion stated that the [trial] court failed to consider the emotional and financial impacts of the sentence on his minor children. Neither did [Appellant]'s post-sentence motion argue that the [trial] court abused its discretion when it found that the domestic violence enhancement applied and imposed the sentence. He merely stated that he felt the sentence imposed was harsh. Because [Appellant] did not include these claims in his post-sentence motion with specificity or particularity, they are waived.

*Id*. at 9.

Upon review, we agree with the Commonwealth and the trial court that Appellant's challenges were not preserved for appeal. To begin, neither his post-sentence motion nor his Rule 1925(b) statement asserted that the court erred in calculating the offense gravity score as to his strangulation conviction, and no objection was lodged at sentencing. Rather, the argument is presented for the very first time on appeal in Appellant's brief. Therefore, that issue was not preserved and additionally was waived pursuant to our Rules of Appellate Procedure. *See* Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph . . . are waived."); *see also* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal").

We likewise find that Appellant did not safeguard the claim wherein he accused the trial court of failing "to adequately take into consideration . . . Appellant's sincere remorse and regret and his desire to be a better partner and father to his children." Appellant's brief at 18. As discussed, Appellant's

post-sentence motion specifically asserted court error in neglecting to consider what effect the sentence would have on his minor children. It did not allege that his regret or remorse warranted a lesser sentence. Tellingly, Appellant has not addressed the contention that he failed to preserve his claims in either his principal brief or through a reply brief. He instead merely recounts the fact that he filed a timely post-sentence motion and appears to presume that this sufficiently invokes our jurisdiction. *Id*. at 15. However, since his arguments in this Court differ from those presented below, he is mistaken, and therefore is not entitled to relief.[2] *See Rivera*, 238 A.3d at 499 ("For any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court." (citation omitted)).

Based on the above, we have no cause to disturb Appellant's judgment of sentence.

Judgment of sentence affirmed.

_____

[2] Moreover, even if the issue included in his Rule 1925(b) statement arguably encompassed this new position on appeal, the Commonwealth is correct in noting that this did not relieve him of the duty of preserving it before the trial court. *See Watson*, 835 A.2d at 791.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/20/2025