J-S13010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONNY WESTERFIELD, | |
| Appellant | No. 1719 WDA 2014 |

Appeal from the PCRA Order Entered December 13, 2012
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001990-2007

BEFORE:  BENDER, P.J.E., MUNDY, J., and STABILE, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MARCH 03, 2015**

Appellant, Ronny Westerfield, appeals *pro se* from the post-conviction court's December 13, 2012 order denying as untimely his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

In May of 2008, a jury convicted Appellant of involuntary deviate sexual intercourse with a child and related charges.  On November 4, 2008, he was sentenced to an aggregate term of 16 to 32 years' incarceration.  He filed a timely appeal with this Court.  After we affirmed his judgment of sentence, our Supreme Court denied his subsequent petition for allowance of appeal on February 24, 2010.  **Commonwealth v. Westerfield**, 981 A.2d 325 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 989 A.2d 917 (Pa. 2010).  Appellant did not seek further review with the

Supreme Court of the United States and, thus, his judgment of sentence became final on May 26, 2010. *See* 42 Pa.C.S. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); *Commonwealth v. Owens*, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States Supreme Court).

Appellant filed a timely *pro se* PCRA petition on September 20, 2010, and counsel was appointed. On May 17, 2011, the PCRA court dismissed Appellant's petition without a hearing. He filed a timely notice of appeal, and on March 9, 2012, we affirmed the order denying Appellant PCRA relief. *Commonwealth v. Westerfield*, 47 A.3d 1240 (Pa. Super. 2012) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On November 7, 2012, Appellant filed his second *pro se* PCRA petition, which underlies the present appeal. Therein, he alleged the following three claims:

> I. A violation of [p]rocedural [d]ue [p]rocess [r]esulting in an [i]llegal [s]entence was a miscarriage of [j]ustice;
>
> II. The [p]ublic [d]efender's [o]ffice [c]omitted [f]raud on the [c]ourt [r]esulting in a [m]iscarriage of [j]ustice;

- 2 -

III. The [c]ourt [l]acked [s]ubject [m]atter [j]urisdiction [b]ecause [] [Appellant] was never [g]iven [f]ormal [n]otice of the [c]harges[.]

PCRA Petition, 11/7/12, at 3.

On November 27, 2012, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, reasoning that the petition is untimely. Appellant filed a timely *pro se* response, contending that the procedural history set forth in the "Memorandum" accompanying his PCRA petition "shows, in full detail, the timeliness of the petition as well as [his] assertion that it was timely filed." Appellant's Response to Rule 907 Notice, 12/14/12, at 2 (unnumbered). On December 13, 2012, the PCRA court issued an order dismissing Appellant's petition.[1] Appellant filed a timely notice of appeal.

On January 10, 2013, the PCRA court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Appellant filed a Rule 1925(b) statement, which was time-stamped by the Clerk of Courts of Fayette County as being received on February 8, 2013. While Appellant handwrote the date of

---

[1] We note that while the PCRA court's Rule 907 notice properly stated that Appellant had 20 days to respond, the court erroneously filed its order dismissing Appellant's petition after only 16 days. Indeed, the court issued the order dismissing Appellant's petition before Appellant filed his timely, *pro se* response to the Rule 907 notice, thus evincing that the court did not consider that filing. While we acknowledge this error by the PCRA court, Appellant does not raise any challenge thereto on appeal. Thus, we conclude that any claim involving this error is waived. ***See Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013).

- 3 -

January 24, 2013, on that document, he did not include "any reasonably verifiable evidence" of the date that he deposited his Rule 1925(b) statement with the prison authorities or placed it in a prison mailbox.[2] **See Commonwealth v. Little**, 716 A.2d 1287, 1288 (Pa. Super. 1998) (stating that under the 'prisoner mailbox rule,' *pro se* documents will "be deemed filed on the date that the prisoner deposits the appeal with prison authorities, or places it in a prison mailbox[,]" provided that the inmate presents "reasonably verifiable evidence" of the date on which he did so) (citing **Jones**, 700 A.2d at 426). Therefore, we are constrained to deem Appellant's Rule 1925(b) statement as untimely, and consider all of his issues waived. **See Commonwealth v. Myers**, 86 A.3d 286, 289 (Pa. Super. 2014) (stating "it is clear that, whatever else we may do, we may not consider the merits of an appeal when the Rule 1925 statement was untimely filed") (citing **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005)).

---

[2] In **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997), our Supreme Court indicated that "the type of evidence a *pro se* prisoner may present to prove that he mailed the [document] within the deadline" can include "a Postal Form 3817, Certificate of Mailing[,]" or a "Cash Slip" from "prison authorities … noting both the deduction from [the inmate's] account for the mailing to the prothonotary and the date of the mailing…." The **Jones** Court also stated that "an affidavit attesting to the date of deposit with the prison officials likewise could be considered." **Id.** Appellant did not attach any such documents to his Rule 1925(b) statement in the present case.

Nevertheless, for the reasons that follow, even if Appellant had not waived his issues, we would agree with the PCRA court that his petition is untimely and, thus, we do not have jurisdiction to review the merits of his claims. Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

As both this Court and our Supreme Court have stated, the PCRA's time limitations implicate the appellate court's jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007); *Commonwealth v. Johnson*, 803 A.2d 1291, 1294 (Pa. Super. 2002). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies. That section states, in relevant part:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

- 5 -

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on May 26, 2010, and thus, he had until May 26, 2011, to file a timely petition. Consequently, Appellant's petition filed on November 7, 2012, is patently untimely and, for this Court to have jurisdiction to review the merits thereof, he must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant has failed to do so. The majority of his brief is devoted to arguing that he suffered a 'miscarriage of justice' warranting PCRA relief, and/or that he presented 'issues of material fact' necessitating a PCRA hearing. However, Appellant fails to recognize that neither the PCRA court, nor this Court, have jurisdiction to assess whether his claim(s) demonstrate a miscarriage of justice, or present questions of material fact, *unless he*

*proves that his untimely petition satisfies an exception set forth in section 9545(b)(1)(i)-(iii).* Appellant makes no attempt to allege the applicability of any of those exceptions. Instead, he argues that in calculating the one-year time-frame within which he had to file a timely petition, we are required to exclude the time during which his *first* PCRA petition was pending. In other words, Appellant claims that we should not count the time from September 20, 2010 (the date he filed his first PCRA petition), through April 8, 2012 (the date the judgment dismissing that petition became final) in assessing whether Appellant filed his current petition within one year of the date on which his judgment of sentence became final.

Initially, our review of Appellant's *pro se* PCRA petition, as well as the "Memorandum" accompanying it, reveals that Appellant did not raise this claim before the PCRA court. Therefore, it is waived. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); ***Commonwealth v. Rainey***, 928 A.2d 215, 226 (Pa. 2007) (holding that claims not raised in the PCRA petition are waived). In any event, we would conclude that Appellant's argument is meritless, even had he preserved it for our review. The plain language of section 9545 states that "[a]ny petition under this subchapter, *including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final…." 42 Pa.C.S. § 9545(b)(1). We have always interpreted this language as requiring that *any* PCRA petition be filed within one year of the date on which the petitioner's judgment of sentence became final. In

calculating the timeliness of second or subsequent petitions, neither this Court, nor our Supreme Court, have ever excluded the time during which the petitioner's first PCRA petition was pending. Accordingly, even had Appellant preserved this argument below, we would reject that his PCRA petition is timely under this novel theory.

In sum, because Appellant filed an untimely Rule 1925(b) statement, he did not preserve any of his claims for our review. Moreover, Appellant has failed to plead and prove the applicability of any exception to the PCRA's timeliness requirement. Therefore, even had Appellant timely filed his Rule 1925(b) statement, we would conclude that the PCRA court did not err in denying his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/3/2015