J-S69004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARRIN M. BATTLE | |
| Appellant | No. 2159 MDA 2015 |

Appeal from the Judgment of Sentence imposed November 17, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No: CP-40-CR-0000273-2013

BEFORE:  STABILE, DUBOW, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:          **FILED DECEMBER 30, 2016**

Appellant, Darrin M. Battle, appeals from the judgment of sentence imposed on November 17, 2015, in the Court of Common Pleas of Luzerne County following his conviction of crimes relating to the delivery of heroin and possession with intent to deliver heroin.  35 Pa.C.S.A. 780-113(a)(30). On August 13, 2013, Appellant was sentenced to 24 to 60 months in prison and was granted credit for time served.  Following denial of a motion to modify his sentence, Appellant filed an appeal with this Court and then-counsel filed an ***Anders*** brief and a petition to withdraw.  However, counsel failed to file a timely Rule 1925(b) statement with the trial court.  In light of counsel's *per se* ineffectiveness, rather than remand for filing of a Rule

---

[*] Retired Senior Judge assigned to the Superior Court.

1925(b) statement, a panel of this Court *sua sponte* vacated the judgment of sentence and remanded for resentencing, finding that the application of a school zone sentencing enhancement was unlawful pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). ***Commonwealth v. Battle***, 106 A.3d 168 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 124 A.3d 308 (Pa. 2015).

On November 17, 2015, the trial court sentenced Appellant to 16 to 48 months in prison followed by one year of special probation. Appellant again filed a motion to modify his sentence, contending that the rehabilitative measures undertaken since his imprisonment warranted reduction of his sentence to make him immediately eligible for parole. By order entered on December 2, 2015, the trial court denied the motion. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

In the brief filed by his counsel in accordance with ***Anders v. California***, 386 U.S. 738 (1969), as refined by ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), Appellant contends the trial court abused its discretion in imposing the 16 to 48 month sentence. His counsel concurrently filed a petition for leave to withdraw. Following review, we grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

We must address the request to withdraw before reviewing the merits of Appellant's issue. ***Commonwealth v. Rojas***, 874 A.2d 638, 639 (Pa.

Super. 2005). As this Court recognized in **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*), our Supreme Court's decision in **Santiago** did not change the procedural requirements for requesting withdrawal from representation.

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id.** at 1032 (citing **Commonwealth v. Lilley**, 978 A.2d 995, 997 (Pa. Super. 2009)).

We conclude counsel has satisfied the procedural requirements set forth in **Anders**. In the petition to withdraw, counsel explains his conclusion, based on "a review of the record, . . . that this appeal is wholly frivolous." Petition to Withdraw as Counsel, 6/27/16, at 1. In addition, counsel furnished a copy of the appellate brief to Appellant and advised Appellant of his right to retain private counsel or act on his own behalf to proceed *pro se* and file his own brief with this Court.[1]

Having concluded counsel satisfied the procedural requirements of **Anders**, we must ascertain whether the brief satisfies the substantive

---

[1] Appellant did not file a response to the petition to withdraw.

mandates prescribed in **Santiago**. In **Santiago**, our Supreme Court announced:

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

In the **Anders** brief, counsel has included a statement of the case that includes a procedural history of the case with a citation to the record.[2] Appellant's Brief at 4-5. Counsel has satisfied the first requirement.

The second required element of an **Anders** brief is reference to anything in the record that counsel believes arguably supports the appeal. Here, counsel notes that Appellant was initially sentenced to 24 to 60 months in a state correctional institution. On appeal, this Court vacated the judgment of sentence and remanded for resentencing, finding that the application of a school zone sentencing enhancement was unlawful under **Alleyne**. The trial court subsequently sentenced Appellant to 16 to 48 months in prison followed by one year of special probation. Counsel raises

_____

[2] While there is no specific number of citations required, we suggest to counsel that, in the future, more than a singular citation to the record would be more helpful.

- 4 -

the question of whether the trial court abused its discretion in sentencing Appellant to the high-end of the standard range. Appellant's Brief at 6. Counsel has satisfied the second **Anders** requirement.

Counsel has also satisfied the third element of **Anders**, stating his conclusion that the appeal is frivolous. **Id.** at 7. Finally, counsel provided his reasons for concluding the appeal is frivolous. **Id.** Thus, counsel has satisfied the fourth and final element of the **Anders** test.

We find counsel has satisfied the requirements for a petition to withdraw. He complied with the briefing requirements, as explained above. He also provided a letter to Appellant on June 27, 2016, advising Appellant of counsel's conclusion that there are no meritorious issues to argue on appeal and informing him of the right to retain private counsel or proceed *pro se* and file his own brief with this Court. As reflected in the June 27, 2016 letter, counsel also furnished Appellant a copy of the petition to withdraw and the **Anders** brief.[3]

Having determined that the technical requirements are satisfied, it is incumbent upon this Court to "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by

_____

[3] Although counsel's June 27, 2016 letter clearly indicates that counsel furnished Appellant a copy of his petition to withdraw, we remind counsel that the petition to withdraw should itself contain a proof of service.

counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

Based upon our review, we conclude that the claim raised by counsel in the *Anders* brief is frivolous and that there are no additional, non-frivolous issues overlooked by counsel. The trial court sentenced Appellant within the standard range. We commend Appellant on any rehabilitative measures he has undertaken since his sentencing. However, the fact Appellant has undertaken rehabilitative measures does not compel the trial court to reduce his sentence to the point he is eligible for immediate parole.

Appellant's appeal involves a challenge to the discretionary aspects of his sentence. As such, he does not enjoy an absolute right to appeal but must present a substantial question to this Court that his sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Boyer*, 856 A.2d 149, 152 (Pa. Super. 2004). We agree with Appellant's counsel that no substantial questions exists because the trial court did not violate the Sentencing Code. Nor was the sentence contrary to the fundamental norms underlying the sentencing process. Consequently, Appellant's issue is frivolous and without merit. Appellant is not entitled to relief.[4]

_____

[4] In light of the Commonwealth's lack of objection, we find it unnecessary to address the requirement—not met here—to file a statement in compliance with Pa.R.A.P. 2119(f) for a challenge to the discretionary aspects of
*(Footnote Continued Next Page)*

Counsel's petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2016

---

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

sentence. ***Commonwealth v. Myers***, 86 A.3d 286, 289 n.3 (Pa. Super. 2014) (citing ***Commonwealth v. Bruce***, 916 A.2d 657, 666 (Pa. Super. 2007)).